UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Benjamin Maes

    v.                                  Case No. 15-cv-240-SM
                                                Opinion No. 2015 DNH 230

United States of America

**O R D E R**

Pursuant to a written plea agreement with the government, petitioner pled guilty to a superseding information charging him with sexually exploiting children in violation of 18 U.S.C. § 2251(a). He was sentenced, inter alia, to a 300 month term of imprisonment. That sentence was below that recommended by the applicable Guideline Sentencing Range (360 months), and within the range prescribed by statute (15-30 years). Petitioner now seeks relief from his conviction and sentence under the provisions of 28 U.S.C. § 2255.

First, petitioner argues that his defense counsel provided ineffective assistance in that: 1) he failed to file a motion to suppress evidence; 2) he failed to file a notice of appeal; 3) he did not fight for bail; 4) he did not fight for a plea deal; 5) he pressured petitioner to accept a "blind" plea; and 6) he did not provide petitioner with "findings" for his case. Next, petitioner complains that inculpatory statements were obtained

from him by police, in violation of his constitutional rights, during an interrogation conducted when he was still under the influence of alcohol.  Petitioner also challenges the imposed sentence as unreasonable.  Finally, petitioner vaguely suggests that his cell phone was unlawfully tracked to determine his physical location at some point.

A prisoner may seek post conviction relief from a federal court conviction pursuant to 28 U.S.C. § 2255 if the sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Such allegations of error must "reveal fundamental defect[s] which, if uncorrected, will result in a complete miscarriage of justice" and a petition under section 2255 cannot be a "surrogate for a direct appeal."  David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (internal citations and quotation marks omitted).  Once a prisoner requests relief under section 2255, a district court must grant an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); see also Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007).  If a district court addresses a section 2255 claim without holding an evidentiary hearing, the

2

allegations set forth in the petition are taken as true unless
"'those allegations are merely conclusory, contradicted by the
record, or inherently incredible.'"  Owens, 483 F.3d at 57
(quoting Ellis v. United States, 313 F.3d 636, 641 (1st Cir.
2002)); see also United States v. Crooker, 729 F.2d 889, 890 (1st
Cir. 1984); Barrett v. United States, 965 F.2d 1184, 1186 (1st
Cir. 1992) (summary dismissal is appropriate when petition is
inadequate on its face or is conclusively refuted by the files
and records of the case); Dziurgot v. Luther, 897 F.2d 1222, 1225
(1st Cir. 1990) (allegations cannot be accepted as true if "they
are contradicted by the record, inherently incredible or
conclusions rather than statements of fact").


     The record in this case shows that petitioner is not
entitled to habeas relief, because his claims are contradicted by
the record, including his own sworn statements during the plea
colloquy.


     Petitioner pled guilty to the charged offense.  During the
plea colloquy he told the court, while under oath, that he
understood the provisions of the plea agreement as filed with,
and as described to him by the court; that he reviewed each
provision of the written agreement with defense counsel; that he
agreed that the prosecutor's inculpatory factual recitation was

accurate; that he was pleading guilty because he was in fact
guilty; that he understood the sentence would be based on a
calculation of the Guideline Sentencing Range ("GSR"), and that
the sentence could be higher or lower than that recommended by
the properly calculated GSR; that in exchange for his guilty plea
the government would dismiss the indictment then pending against
him; that he was fully satisfied with defense counsel's
representation and advice; and, finally, that he understood that,
with limited exceptions, he was waiving his right to appeal or
collaterally attack his conviction or sentence.

Initially, it must be noted that in this circuit an appeal
waiver provision in a plea agreement will be enforced if: 1) the
waiver provision is clearly set forth in the plea agreement;
2) the district court questions the defendant "specifically about
[his] understanding of the waiver provision and adequately
inform[s] [him] of its ramifications;" and 3) no miscarriage of
justice will otherwise result.  United States v. Chandler, 534
F.3d 45, 49 (1st Cir. 2008) (citations).

Here, the waiver provisions are clearly set forth in the
plea agreement; petitioner was specifically questioned about his
understanding of the waiver provisions and was adequately
informed about their consequences; and he confirmed his

4

understanding of the waiver provisions.  And, given his adoption

of the inculpatory factual recitation, as well as the absence of

any credible suggestion of actual innocence in the petition, no

miscarriage of justice would result from enforcing the waiver

provisions.


Accordingly, the claims asserted by petitioner are,

generally, waived and cannot be pursued in a habeas action.

Moreover, most are facially contradicted by the record and are

meritless.  For example, counsel reasonably elected not to pursue

bail — and bail was highly unlikely to have been granted — but

petitioner cannot complain because he stipulated to pretrial

detention.  Counsel was not required to "pursue a global

resolution" (presumably along with petitioner's then-pending

state charges) and petitioner points to no resulting prejudice

from counsel's alleged failure to do so.  Counsel did "fight for

a plea deal," and in fact successfully negotiated a plea bargain

that petitioner accepted and under which he obtained a

substantial benefit (dismissal of the pending indictment).

Petitioner did not accept a "blind" plea — the agreement is

clear, comprehensive, and specific as to the nature of the

bargain, and petitioner both declared and demonstrated his

understanding of the deal on the record, while under oath.  It is

unclear what petitioner means when he says he was not provided

with "findings" in his case, but assuming he means discovery material, he points to no substantive deprivation of information that might have made a material difference, and he affirmed under oath that the inculpatory facts recited by the prosecutor were accurately presented and that he was in fact guilty of the offense charged in the information.

Petitioner points to no facts suggesting that a motion to suppress would have had merit, but in any event, that issue is waived by his provident guilty plea, as is his claim that involuntary statements were obtained from him when police interrogated him.  See e.g., United States v. Marin-Canales, 215 F.3d 1312 (1st Cir. 2000).  Similarly, petitioner's vague claim of an unlawful search involving tracking his cell phone is also waived by his provident guilty plea.  And, again, his express written waiver, as set out in the plea agreement, precludes raising any of those issues in this collateral proceeding.

Petitioner's claim with respect to the unreasonable nature of his sentence is also without merit.  The sentence fell within the statutorily authorized range, and indeed was below the properly calculated Guideline Sentencing Range.  That issue, too, is waived under the terms of the plea agreement and, because the sentence did not exceed that recommended by the GSR, the

sentencing exception to the express waiver provisions does not apply here.

Petitioner's current claims are inconsistent with and are contradicted by the record, particularly his own statements at the plea colloquy.  Nothing in the petition or the record discloses a "credible valid reason[] why a departure from [his] earlier contradictory statements is now justified."  <u>United States v. Butt</u>, 731 F.2d 75, 80 (1st Cir. 1984); <u>see also</u> <u>United States v. Pulido</u>, 566 F.3d 52, 58-62 (1st Cir. 2009); <u>United States v. Torres-Rosario</u>, 447 F.3d 61, 67 (1st Cir. 2006) (holding that a court is "entitled to give weight to [the defendant's] assurances at his change of plea [colloquy]" absent a good reason for discarding them.); <u>Blackledge v. Allison</u>, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) (a defendant's "declarations in open court carry a strong presumption of verity.")  Unsupported claims that are contradicted by the record of petitioner's own sworn statements and behavior warrant neither a hearing nor relief.

That leaves petitioner's very general claim that defense counsel "did not file a notice of appeal which I wanted."  First, petitioner does not expressly claim that he directed defense counsel to file an appeal but counsel failed to follow that

directive.  Nor does petitioner assert that counsel failed to consult him about an appeal despite reason to think that either 1) a rational defendant would want to appeal; or 2) petitioner was interested in appealing his conviction and sentence, <u>and</u>, 3) but for counsel's deficient conduct in that regard, he would have timely appealed.  <u>See</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

In addition, the plea agreement, as previously mentioned, clearly waives petitioner's right to collaterally challenge his conviction and sentence.  That waiver provision does include an exception with respect to issues related to alleged "ineffective assistance of counsel in the negotiation of the plea, Plea Agreement or sentencing hearing."  But, petitioner's claim does not credibly or viably relate to counsel's negotiation of the plea, the plea agreement, or the sentencing hearing.  Instead, it simply addresses counsel's failure to note an appeal.

Petitioner's waiver of his right to appeal (or collaterally challenge) his conviction or sentence is valid and enforceable, and it is highly doubtful that counsel's failure to note an appeal, given that waiver, could constitute ineffective

assistance.[1]  First, petitioner knowingly and voluntarily waived

his right to appeal and, while there are exceptions to that

waiver, petitioner does not assert any facts that might bring the

appeal he now seeks within an exception.  Counsel was not free,

of course, to unilaterally file an appeal in violation of the

plea agreement's terms, for that would have put petitioner at

serious risk of losing the benefit of his plea bargain and having

the dismissed indictment reinstated, thereby likely exposing him

to imposition of a more severe sentence.  See e.g. Nunez, 546

F.3d at 455.  And, of course, with respect to the other waived

issues, counsel was similarly not free to file an appeal, perhaps

even if petitioner actually directed him to do so, for "a lawyer

has a duty to the judiciary to avoid frivolous litigation — and

an appeal in the teeth of a valid waiver is frivolous."  Id.

---

[1]  While there appears to be a split among the circuits, the
better approach with respect to such ineffective assistance
claims in cases involving a waiver of appeal rights, is to first
review the waiver of appeal provisions in the plea agreement to
determine whether the waivers are enforceable, and, if so, as
they are here, to then consider the ineffective assistance claim
(i.e., failure to note an appeal) in that context.  Compare e.g.
United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007);
United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) with
United States v. Mabry, 536 F.3d 231, 240 (3d Cir. 2008); Nunez
v. United States, 546 F.3d 450 (7th Cir. 2008); see also Flores-
Ortega, 528 U.S. at 488 n.1 (Souter, J. concurring in part and
dissenting in part) ("there is no claim here that Flores-Ortega
waived his right to appeal as part of his plea agreement").  Our
court of appeals has not yet addressed the specific issue, but
that same approach has been taken by other district courts in the
First Circuit.  See United States v. Falcon, 2011 WL 777852
(D.R.I. February 28, 2011) (collecting cases); Agosto v. United
States, 2012 WL 3518130 (D. Mass. August 15, 2012).

Petitioner has plainly not asserted any facts suggesting that counsel's representation fell "outside a wide range of professionally competent assistance" that he could expect to receive from competent counsel.  Strickland v. Washington, 466 U.S. 668, 680 (1984).  He also fails to plead any facts suggesting a plausible claim of prejudice.  Petitioner does not assert that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52 (1985).  Indeed, such a claim would be highly suspect, given the serious charges and serious penalties petitioner faced and the near certain reinstatement of the dismissed indictment and exposure to more severe punishment if he insisted on going to trial, and particularly the absence of any supportable claim in the petition that a viable defense might be asserted.  Petitioner's claims are contradicted by the record and subject to valid and enforceable waivers.

As the petition, and the files and records of the case conclusively show that the petitioner is entitled to no relief, the petition (document no. 1) is denied.

The court declines to issue a certificate of appealability, but petitioner may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22.  See Rule 11,

10

Federal Rules Governing Section 2255 Proceedings.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

December 16, 2015

cc:  Benjamin Maes, pro se
     Seth R. Aframe, AUSA

11